IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 11-00005 LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MARK FAAITA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**<u>ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE</u>**

On October 13, 2011, Defendant Mark Faaita ("Defendant") filed his Motion to Suppress Evidence ("Motion"). The United States of America ("the Government") filed its response on October 21, 2011. Subsequently, this matter came on for hearing on December 4 and 5, 2011. Evidence was received by the Court, including the receipt of Defendant's Exhibits 1 through 13 and witness testimony from Russell Woodward, Task Force Officer Sidney Kuranishi, and Task Force Officer Thayne Costa.

At issue is the search and seizure of a package sent from Daly City, California to Kapolei, Hawai`i via Federal Express ("FedEx"), a commercial shipping service. Mr. Woodward, a FedEx Security Specialist, identified the package as being suspicious and opened it. The package contained the following: a

substance which Mr. Woodward believed to be methamphetamine;[1] clear tupperware containers; clear plastic bags; white packing popcorn; dryer sheets; black and white trash bags; and clear tape. See Def.'s Exh. 3 (Application and Affidavit for Anticipatory Search Warrant), Aff. of Thayne Costa at ¶ 4.

Upon discovery of what he believed to be an illegal substance, Mr. Woodward contacted the Hawaii Airport Task Force ("Task Force") and turned the package and its contents over to Task Force Officer Kuranishi. The methamphetamine was removed, a warrant was obtained to install a tracking device inside the parcel and to permit law enforcement to monitor this device, and the parcel was delivered to 92-755 Makakilo Drive #49, Kapolei, Hawaii 96707. Following delivery and receipt of the package, Defendant was arrested and charged with attempted possession with intent to distribute fifty grams or more of methamphetamine, its salts, isomers and salts of its isomers, in violation of 21 U.S.C. §§ 841 and 846. Defendant now brings the instant Motion and seeks to suppress the contents of the package, on the basis that Mr. Woodward's search and seizure was impermissible because he lacked reasonable or individualized suspicion to seize the package, and had no probable cause to open and search it.

---

[1] The substance was later determined to be 1006.9 grams of methamphetamine.

Unless Defendant can demonstrate that Mr. Woodward's actions were taken as "an instrument or agent" of the Government, the Motion must be denied.  See Skinner v. Railway Labor Executives' Ass'n, 489 U.S. 602, 614 (1989) ("Although the Fourth Amendment does not apply to a search or seizure, even an arbitrary one, effected by a private party on his own initiative, the Amendment protects against such intrusions if the private party acted as an instrument or agent of the Government." (citations omitted)).  Defendant has not shown that Mr. Woodward acted at the direction or behest of the Government or and that Mr. Woodward intended to help law enforcement.  Rather, Mr. Woodward's credible testimony established that: he is employed by FedEx as a Security Specialist; his duties include daily inspections of packages after they arrive at the Honolulu International Airport FedEx Station; when he finds packages that appear suspicious, he opens these packages to check for dangerous contents in order to protect FedEx employees and the public; he has found dangerous items such as aerosol cans, firearms, aerial fireworks, narcotics, and weapons in packages that he found to be suspicious and subsequently opened; and, when he finds such items, his only choices are to turn the item over to law enforcement or to send the package FedEx's office in Memphis for destruction.

Nor has Defendant established that FedEx has been co-opted by law enforcement so as to become its instrumentality. Mr. Woodward testified that sometimes the Task Force alerts FedEx to particular packages it is tracking or to particular individuals, but that did not happen in the instant case. Both Task Force Officers Kuranishi and Costa testified that: they neither instigated nor participated in the search of the package in issue; and the discovery of the package at issue was not part of a coordinated investigation by FedEx and the Task Force. Rather, FedEx permits Task Force Officers to sign in, enter its warehouse, and independently observe packages being processed. The Court finds that this practice, with nothing more, does not transform FedEx (and its Security Specialist, Russell Woodward) into the Government's instrumentality.

Notwithstanding this Court's findings, Defendant contends the evidence must still be suppressed because Mr. Woodward failed to have specific articulable facts to support reasonable suspicion to open the package. Defendant is mistaken. The requirement of reasonable suspicion for a search is imposed by the Fourth Amendment. See, e.g., McKay v. Morris, No. CV-08-1224-ST, 2010 WL 2773319, at *6 (D. Or. May 25, 2010) ("the Fourth Amendment requires that law enforcement officers have reasonable suspicion or probable cause to justify even brief searches and seizures" (citing United States v. Mendenhall, 446

U.S. 544, 551, 100 S. Ct. 1870, 64 L. Ed. 2d 497 (1980))). Mr. Woodward acted as a private party, and the Fourth Amendment does not apply to searches and seizures conducted by private parties. <u>Skinner v. Ry. Labor Execs.' Ass'n</u>, 489 U.S. 602, 614 (1989). FedEx's express policy furthermore warns customers that packages may be opened and inspected. <u>See</u> Def.'s Exh. 11 (FedEx Service Guide - FedEx Express Terms and Conditions) at 110 ("We may, at our sole discretion, open and inspect any shipment without notice."); <u>see also</u> Def.'s Exh. 10 (Go Express: Station and On-Road Policies & Procedures) at Security-11 ("A package suspected of containing an illegal substance may be opened only with permission of Corporate Security.").

     For the foregoing reasons, Defendant's Motion to Suppress Evidence, filed October 13, 2011, is HEREBY DENIED.

     IT IS SO ORDERED.

     DATED AT HONOLULU, HAWAII, December 8, 2011.



    /S/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States District Judge

**USA V. MARK FAAITA; CR. NO. 11-00005 LEK; ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**